PLYMOUTH HOUSING AUTHORITY *vs.* TOWN OF PLYMOUTH
& another.[1]

Plymouth. December 8, 1987. — January 11, 1988.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & LYNCH, JJ.

*Contract,* What constitutes, Parties. *Practice, Civil,* Summary judgment.

In an action arising out of a town's sale of a parcel of land to the local housing authority in which it appeared that the town had contracted with a company to remove a building from the property by January 1, 1978; that the authority contracted with a builder to begin construction of new units by February 1, 1978; that the building was not removed in time for construction to begin; and that the building contractor brought suit against the authority which then impleaded the town and the building mover, the town was entitled to summary judgment where, absent any provision in the deed from the town to the authority, or in any collateral agreement between them, calling for removal of the building by January 1, 1978, there was no duty owed by the town to the authority to cause the building's removal, and where the authority was, at most, an incidental beneficiary not entitled to maintain an action against the town. [505]

CIVIL ACTION commenced in the Superior Court Department on September 18, 1980.

The case was heard by *Francis W. Keating,* J., on motions for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*John H. Wyman* for Plymouth Housing Authority.

*John W. Giorgio* (*Karen Harr Lamkin* with him) for the town of Plymouth.

*John J. Jennings* for James J. Welch & Co., Inc.

NOLAN, J. At issue in this case is the propriety of the trial judge's allowance of the motion of the town of Plymouth

---

[1] James J. Welch & Co., Inc.

(town) for summary judgment, and the denial of the motion of the Plymouth Housing Authority (authority) for summary judgment. We transferred the authority's appeal to this court on our own motion. There was no error

The town acquired property consisting of approximately six acres on Court Street in 1975. The authority, on November 1, 1977, purchased from the town a 2.4 acre portion of this parcel following a vote of a special town meeting authorizing the sale. On this 2.4 acre parcel there rested two buildings. The authority did not acquire title to the buildings. A vote of the special town meeting authorized funds to pay for the removal of one of the buildings from this parcel, but the deed from the town to the authority was silent as to the buildings and as to removal of a building. As of the day on which the authority took title, the town contracted with James J. Welch & Co, Inc. (Welch), to remove the building. This contract called for Welch to remove the building by January 1, 1978. It further provided that Welch would be held responsible "for any delays and/or damages assessed against" the town due to Welch's failure to move the building within the time frame of the agreement.

The authority entered into a contract with Sydney Construction Company, Inc. (Sydney), on November 2, 1977, to construct housing units for the elderly on the 2.4 acre parcel on which the building rested. Sydney was to commence construction by February 1, 1978, and to complete the construction within 450 days.

Welch, on November 16, 1977, subcontracted with Merry Contracting Services, Inc. (Merry), to move the building to 130 Court Street. The building was not moved until the spring of 1978. By May 10, 1978, Merry had moved the building from its original location at 128 Court Street to a location straddling the property line between 128 Court Street and 130 Court Street. Merry then refused to complete the move until further negotiations took place between itself and Welch. On May 22, 1978, Welch terminated its subcontract with Merry. Sometime after June 12, 1978, Welch subcontracted with James J. Gordon, Inc., for the completion of the relocation, and by

September 14, 1978, the building had been removed entirely to 130 Court Street.

This action was commenced by a complaint filed by Sydney against the authority, and the authority impleaded the town and Welch. When there exists no genuine issue of material fact, and the moving party "is entitled to a judgment as a matter of law," a summary judgment should be entered. Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974).

Cutting away the procedural underbrush, we come to the essence of the case, which is the existence of a duty, vel non, of the town to the authority, to cause the building to be moved by January 1, 1978. There clearly is no such duty running from the town to the authority. There is no provision in the deed from the town to the authority, nor in any collateral agreement between these parties, calling for removal by January 1, 1978. Neither the vote of the town meeting appropriating the funds for moving the building, nor the contract of the town with Welch creates a duty from the town to the authority. *Vinal* v. *Nahant,* 232 Mass. 412, 419 (1919). The authority is a stranger to both the appropriating function and to the contract with Welch.

Further, the relaxation of the third-party contract rule of *Mellen* v. *Whipple,* 1 Gray 317 (1854), in *Choate, Hall & Stewart* v. *SCA Servs., Inc.,* 378 Mass. 535, 542-548 (1979), does not serve the authority's purpose because, at most, the authority is an incidental beneficiary. See Restatement (Second) of Contracts § 302 (2) (1981); 4 A. Corbin, Contracts § 779C (1951); 2 S.Williston, Contracts §§ 402, 403 (3d ed. 1959). The authority was not an intended beneficiary. See *Rae* v. *Air-Speed, Inc.,* 386 Mass. 187, 195-196 (1982).

*Judgments affirmed.*