PATRICIA ANDERSON *vs.* FOX HILL VILLAGE HOMEOWNERS
CORPORATION.

Suffolk. November 4, 1996. - March 6, 1997.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, & MARSHALL, JJ.

*Snow and Ice. Contract,* Third party beneficiary. *Negligence,* One owning or
   controlling real estate, Snow and ice.

A  provision in a lease that the tenant of certain premises assumed
   responsibility for operation and maintenance of the leased premises did
   not express or imply an intention to benefit employees of the tenant,
   with the result that, such an employee, who slipped and fell on a patch
   of ice in the parking lot, was not entitled to recover as an intended
   third-party beneficiary of the lease. [366-367]
A  person who slipped and fell on a patch of ice on leased premises was not
   entitled to recover damages from the tenant of the property who had as-
   sumed under the lease the responsibility to remove ice and snow from
   the premises where the tenant owed no greater duty to the injured party
   apart from the provision in the lease. [367-369]

CIVIL ACTION commenced in the Superior Court Depart-
ment on June 21, 1993.

The case was heard by *Charles T. Spurlock,* J., on a motion
for summary judgment.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Matthew E. Krevat (Andrew W. Pasquina* with him) for the
plaintiff.

*Terri Lee Carabillo* for the defendant.

LYNCH, J. The plaintiff appeals from summary judgment
for the defendant entered in her claim for damages arising
from a slip and fall caused by an icy condition on property
under the control of the defendant. We transferred the case
here on our own motion and now affirm the judgment.

The following facts are not in dispute for the purposes of
summary judgment. The defendant is a tenant of property
used as a retirement community in Westwood. Its lease states
in part:

"Tenant agrees to be solely responsible for maintaining the Premises and the Improvements and each and every part thereof in good condition throughout the term of this Lease, reasonable wear and use only excepted and agrees without limitation to: . . . (iv) *promptly remove snow and ice from all driveways and walkways*" (emphasis added).

The plaintiff worked at Clark House, a skilled nursing facility, located on the premises. On December 9, 1990, while getting out of her automobile, she slipped and fell on a patch of ice in the Clark House parking lot. The defendant did nothing to remove the ice prior to that morning.

On appeal the plaintiff claims that she was entitled to recover on two theories. First, the plaintiff argues that she was an intended third-party beneficiary of the lease. Alternatively, the plaintiff argues that the defendant assumed a duty greater than that imposed under tort principles to remove the snow and ice promptly, and negligently failed to do so.[1]

The judge correctly ruled that the plaintiff was not an intended third-party beneficiary under the lease. *Choate, Hall & Stewart* v. *SCA Servs., Inc.*, 378 Mass. 535, 545 (1979).

In order to prevail under this theory the plaintiff must show that the defendant and the lessor intended to give her the benefit of the promised performance. See *Spinner* v. *Nutt*, 417 Mass. 549, 555 (1994); *Rae* v. *Air-Speed, Inc.*, 386 Mass. 187, 195 (1982). See also Restatement (Second) of Contracts § 302 (1981).[2] We look at the language and circumstances of the contract for indicia of intention. *Choate, Hall & Stewart* v. *SCA Servs., Inc., supra* at 545-547. The intent must be

---

[1]It is not clear from the record before us that this argument was raised below, but since the defendant does not contend that it was not, we reach the issue.

[2]Restatement (Second) of Contracts § 302 (1981), provides:

"(1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance. (2) An incidental beneficiary is a beneficiary who is not an intended beneficiary."

clear and definite. See *Harvard Law Sch. Coalition for Civil Rights* v. *President & Fellows of Harvard College*, 413 Mass. 66, 71 (1992); *Plymouth Hous. Auth.* v. *Plymouth*, 401 Mass. 503, 505 (1988).

Under the lease the defendant assumed sole responsibility for operation and maintenance of a retirement complex.[3] There is no indication, express or implied, that any obligations were imposed for the benefit of employees of the nursing facility. Compare *Rae* v. *Air-Speed, Inc.*, *supra* at 194-195 (plaintiff and her decedent intended beneficiary of contract between employer and insurer to obtain insurance); *Choate, Hall & Stewart* v. *SCA Servs., Inc.*, *supra* at 546-547 (named creditor intended beneficiary of contract with indemnity clause). In these circumstances the plaintiff is no more than an incidental beneficiary and cannot recover under the lease. See *Harvard Law Sch. Coalition for Civil Rights* v. *President & Fellows of Harvard College*, *supra* at 71.

Neither can the plaintiff recover in tort. As a general rule, there is no duty by a landowner to remove a natural accumulation of snow or ice. See *Sullivan* v. *Brookline*, 416 Mass. 825, 827 (1994); *Aylward* v. *McCloskey*, 412 Mass. 77, 80 (1992). However, the plaintiff argues that the defendant assumed a greater duty than that imposed under the common law because the defendant agreed "promptly [to] remove snow and ice from all driveways and walkways."

We have held that a landlord, who agrees in a lease to remove snow and ice and negligently fails to perform that duty, may be liable to his tenant. See *Falden* v. *Gordon*, 333 Mass. 135, 137 (1955); *Carey* v. *Malley*, 327 Mass. 189, 193 (1951)

We have also concluded that one who assumes a duty under contract "is liable to third persons not parties to the contract who are foreseeably exposed to danger and injured as a result

---

[3]The "Background and Purpose" section of the lease reads, in pertinent part, as follows:

> "Whereas, concurrently herewith, Landlord has conveyed to Tenant all of Landlord's right, title and interest in and to the improvements on said parcel, except for the building containing a 70-bed skilled nursing facility and the land under said improvements and building . . . ."

of its negligent failure to carry out that obligation." *Parent* v. *Stone & Webster Eng'g Corp.*, 408 Mass. 108, 114 (1990), quoting *Banaghan* v. *Dewey*, 340 Mass. 73, 80 (1959). See Restatement (Second) of Torts § 324A (1965). Thus, a defendant who contracted to design and build an electric power plant was liable to a utility company employee injured as a result of the defendant's negligent performance of the contract. *Parent* v. *Stone & Webster Eng'g Corp.*, *supra* at 114-115. Similarly, a defendant who agreed to maintain an elevator in a safe condition was liable to third persons injured as a result of the negligent failure to carry out that obligation. *Banaghan* v. *Dewey*, *supra*. In those cases, the contract created a relationship between the defendant and third parties, by reason of which the law recognized a duty of reasonable care in the performance of the obligation, that supported a tort action.

However, failure to perform a contractual obligation is not a tort in the absence of a duty to act apart from the promise made. *Abrams* v. *Factory Mut. Liab. Ins. Co.*, 298 Mass. 141, 144 (1937). See *Redgrave* v. *Boston Symphony Orchestra, Inc.*, 557 F. Supp. 230, 238 (D. Mass. 1983) ("a breach of contract is not, standing alone, a tort as well"). "Although the duty arises out of the contract and is measured by its terms, negligence in the manner of performing that duty as distinguished from mere failure to perform it, causing damage, is a tort." *Abrams* v. *Factory Mut. Liab. Ins. Co.*, *supra* at 144. This view is endorsed by a leading authority on tort law: "Tort obligations are in general obligations that are imposed by law on policy considerations to avoid some kind of loss to others. They are obligations imposed apart from and independent of promises made and therefore apart from any manifested intention of parties to a contract or other bargaining transaction. Therefore, if the alleged obligation to do or not to do something that was breached could not have existed but for a manifested intent, then contract law should be the only theory upon which liability would be imposed." W. Prosser & W. Keeton, Torts § 92, at 656 (5th ed. 1984).

To conclude that tort liability exists solely because the defendant did not perform a contractual duty to remove snow and ice would give rise to a common law duty which we

repeatedly have declined to impose on landowners. As we indicated in *Sullivan* v. *Brookline, supra* at 827, quoting *Aylward* v. *McCloskey, supra* at 79, "under Massachusetts law, landowners are liable only for injuries caused by defects existing on their property and . . . the law does not regard the natural accumulation of snow and ice as an actionable property defect, if it regards such weather conditions as a defect at all."

*Judgment affirmed.*