Doerfer, J.
On July 23, 1996, plaintiff filed suit against defendants seeking damages for injuries sustained in a slip and fall on an ice covered stairway at Centre Park II Condominium Complex in Randolph, Massachusetts. Plaintiffs complaint sounds in three Counts. Count I asserts a claim against defendants for violations of the State Building and Sanitary Codes. Count II asserts a claim against defendants for breach of the implied warranty of habitability. Count III asserts a claim against defendants for common law negligence. Defendants now move for summary judgment on all three Counts. For the reasons set forth below, the Court ALLOWS defendants’ motion.
BACKGROUND
On March 6, 1996, plaintiff visited a friend at 46 Nelson Drive, Randolph, Massachusetts (“the apartment”), a part of the Centre Park II Condominium Complex (“the Complex”). The Complex was operated and managed pursuant to Condominium By-Laws and a master deed. Plaintiff was not a tenant at the Complex, and was not a lessee of defendants. Plaintiff was simply a third-party visitor to the Complex.
On March 6, 1996, plaintiff left his residence in Boston and drove to the Complex. Snow had fallen in the early morning hours, but it did not fall during plaintiffs drive from Boston to Randolph. Plaintiff arrived at the Complex at approximately 6:00 a.m.
When plaintiff arrived at the Complex, he observed that the parking lot had been plowed. Plaintiff also observed that the walkway, front stairway and landing to the apartment had been shoveled and were free of snow and ice. The front stairway to the apartment consisted of two steps, with the second step being a small landing. Plaintiff did not observe any water running or dripping onto the front stairway of the apartment. Plaintiff entered the apartment without incident.
Plaintiff entered the apartment at approximately 6:00 a.m. Plaintiff exited the apartment at approximately 8:00-8:30 a.m. During this time period, plaintiff did not observe the weather conditions outside. Certified weather records from the National Weather Service Observatory in Milton, Massachusetts indicate that light freezing rain, forming an icy glaze, fell between 6:00 a.m. and 8:30 a.m.
Between 8:00-8:30 a.m., plaintiff exited the apartment through the same door he had entered approximately two hours earlier. The front stairway appeared clear when plaintiff opened the door. Plaintiff did not observe any snow, ice or water on the stairway. Plaintiff stepped onto the stairway landing and immediately fell.
DISCUSSION
Summary Judgment is appropriate when no genuine issue exists as to any material fact, and the moving parly is entitled to judgment as a matter of law. Mass.R.Civ.P. 56. The moving parly bears the burden of demonstrating the absence of a triable issue of fact, and that they are entitled to judgment as a matter of law. Community National Bank v. Dawes, 369 Mass. 550, 554 (1976). The nonmoving parly, however, can not defeat a motion for summary judgment by simply resting on its pleadings or making mere assertions of disputed facts. LaLonde v. Eissner, 405 Mass. 207, 209 (1989). To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts, by affidavit or otherwise, showing that a genuine issue exists for trial. Correllas v. Viveiros, 410 Mass. 314, 317 (1991).
*66 Count I: Violations of the State Building and Sanitary Codes
Defendants argue that the Court must grant them summary judgment on Count I because the State Building and Sanitary Codes do not apply to the apartment stairway in question. Specifically, defendants argue that the State Building and Sanitary Codes apply to stairways with at least three risers, and that the apartment stairway consisted of only two risers. The Court agrees with defendants’ argument.
The Sanitary Code, 105 CMR 410.452, provides, in relevant part, that “all exterior stairways . . . shall be kept free of snow and ice.” The Sanitary Code, however, defines a stairway as “any group of stairs consisting of three or more risers.” 105 CMR 410.020. Therefore, since no genuine dispute exists that the apartment stairway consisted of only two risers, the Sanitary Code does not apply.
Similar to the Sanitary Code, the Building Code provides, in relevant part, that “all exterior stairways ... shall be kept free of snow and ice.” 780 CMR 805.2 (Fifth Ed.).[1] The Building Code, however, defines stairway as “one or more flights of stairs, and the necessary landings and platforms connecting them, to form a continuous and uninterrupted passage from one floor to another. A flight of stairs, for the purposes of this code, shall have at least three risers.” 780 CMR 201.0 (Fifth Ed.). Thus, like the Sanitary Code, the Building Code does not apply to the apartment stairway. Defendants are entitled to summary judgment on Count I of plaintiffs complaint.
Count II: Breach of the Implied Warranty of Habitability
Under Massachusetts law, every written or oral lease between a landlord and tenant contains an implied warranty of habitability that the rented premises are fit for human habitation. Boston Housing Authority v. Hemingway, 363 Mass. 184, 199 (1973). The implied warranty is part of the bargain the tenant makes with the landlord when the tenant agrees to pay rent. Haddad v. Gonzalez, 410 Mass. 855, 872-73 (1991). A breach of the implied warranty entitles the tenant to “compensation for the infringement of a contractual right." Cruz Management Co., Inc. v. Wideman, 417 Mass. 771, 775 (1994).
In this case, no contractual relationship existed between plaintiff and defendants. Plaintiff was not a tenant at the Complex, and was not a lessee of defendants. Plaintiff was simply a third-party visitor to the Complex at the time he slipped and fell. Therefore, because no contractual lease relationship existed between the parties, no implied warranty of habitability existed either. Defendants are entitled to summary judgment on Count II of plaintiffs complaint.
Count III: Common Law Negligence
As a general rule, no duty exists for landowners to remove natural accumulations of snow or ice from their property. Sullivan v. Brookline, 416 Mass. 825, 827 (1994); Aylward v. McCloskey, 412 Mass. 77, 80 (1992). “Landowners are liable only for injuries caused by defects existing on their property and . . . the law does not regard the natural accumulation of snow and ice as an actionable property defect, if it regards such weather conditions as a defect at all.” Sullivan, supra at 827 quoting Aylward, supra at 79. The reason for this rule is that “in this climate ... a number of conditions might exist which within a veiy short time could cause the formation of ice . . . without fault of the owner and without reasonable opportunity on his part to remove it or warn against it or even ascertain its presence." Aylward, supra at 80-81. Liability may arise, however, when the negligence of the landowner causes “an unnatural and dangerous condition of snow and ice to occur either by itself or in connection with some other defect on the property." Sullivan, supra at 829-30.
In this case, the record indicates that plaintiff arrived at the Complex on March 6, 1996 at approximately 6:00 a.m. The parking lot had been plowed, and the walkway, front stairway and landing to the apartment had been shoveled. Plaintiff entered the apartment and did not observe any snow or ice on the apartment stairway. Plaintiff also did not observe any water running or dripping onto the stairway. Plaintiff entered the apartment without incident.
Between 6:00-8:30 a.m., a light freezing rain fell, forming an icy glaze on the stairway. During this time, plaintiff did not observe the weather conditions outside. Plaintiff exited the apartment at approximately 8:00-8:30 a.m. through the same door he had entered approximately two hours earlier. The front stairway appeared clear when plaintiff opened the door. Plaintiff did not observe any snow, ice or water on the stairway. Plaintiff stepped onto the stairway landing and immediately fell.
Simply stated, no evidence exists that a property defect caused the ice formation, or that the ice was an "unnatural accumulation.” The undisputed record indicates that any snow or ice on the stairway was a natural accumulation that fell between 6:00-8:30 a.m. while plaintiff was inside the apartment. Under these facts, defendants had no common law duty to remove the natural accumulation of ice from the stairway.
Plaintiff, however, relies on Anderson v. Fox Hill Village Homeowners Corp., 424 Mass. 365 (1997), in arguing that defendants’ duty to maintain the stairway free of ice and snow arose from their contractual obligations set forth in the Condominium By-Laws. Plaintiffs reliance is misplaced.
In Anderson, supra at 367-68, the Court stated that landlords, who agree in a lease to remove snow and ice and negligently fail to perform that duty, may be liable to their tenants and “to third parties not parties to the contract who are foreseeably exposed to danger and injured as a result of their negligent failure to *67 cariy out that obligation.” The Court, however, carefully distinguished the negligent performance of a contractual duty with the mere failure to perform the duty at all. Id. at 368. “To conclude that tort liability exists solely because the defendant did not perform a contractual duty to remove snow and ice would give rise to a common law duty which we repeatedly have declined to impose on landowners.” Id. at 368-69 citing Sullivan, supra at 827. “Although the duty arises out of the contract and is measured by its terms, negligence in the manner of performing that duty as distinguished from mere failure to perform it, causing damage, is a tort.” Id. at 368.
In this case, when plaintiff arrived at the Complex at 6:00 a.m., the parking lot had been plowed, and the walkway, front stairway and landing to the apartment had been shoveled. When plaintiff entered the apartment no snow, ice or water appeared on the stairway. Between 6:00-8:30 a.m. a light freezing rain fell, forming an icy glaze on the stairway.
In response to the freezing rain, defendants, in breach of their obligations under the Condominium By-Laws, did nothing. Under Anderson, however, defendants’ failure to remove the newly fallen ice from the stairway is not an actionable tort. No evidence exists that defendants negligently caused the ice to form, negligently shoveled the ice from the stairway, or negligently performed their contractual obligations in any manner. Rather, defendants did nothing, and under Massachusetts law, plaintiff cannot recover in tort. A defendant’s failure to perform a contractual obligation is not the same as performing the obligation is a negligent manner. Anderson, supra at 367-69. An actionable tort lies in the latter, but not in the former. Id.
ORDER
For the foregoing reasons, the Court hereby ORDERS that defendants’ Motion for Summary Judgment is ALLOWED.

 The Sixth Edition of the Building Code became effective on February 28, 1997. At the time of plaintiffs injury, March 6, 1996, the Fifth Edition governed stairway maintenance.