Gershengorn, J.
This is an action filed by the plaintiffs seeking damages for injuries sustained when plaintiff, Paul Fiore (“Mr. Fiore”), slipped and fell on snow and ice located in the parking lot of Wisconsin Realty Trust’s (“Trust”) property. Plaintiffs allege that defendant, Action Service Group, Inc. (“Action”), a snow plowing and removal company which contracted with the Trust to plow the subject premises, was negligent in its performance of its contractual duties (Count IV) and breached its contract (Count V), thereby causing the plaintiffs injuries. Action now moves for summary judgment on Count IV of plaintiffs’ complaint on the grounds that there is no viable claim for “negligent breach of contract” and that Action owed no common-law duty to plaintiffs. Action also moves for summary judgment on Count V claiming that Action did not breach its contract with the Trust and that Mr. Fiore was not an intended third-party beneficiary of the contract between Action and the Trust and, thus, cannot assert a claim under the contract. In addition, Action moves for summary judgment on Count VII of plaintiffs’ complaint on the ground that plaintiff, Janice Fiore (“Ms. Fiore”), cannot recover for loss of consortium because Action did not commit any tortious acts which caused injury to Mr. Fiore, her husband. For the reasons stated below, Action’s motion is allowed as to Count V and denied as to Counts IV and VII.
BACKGROUND
The following facts are undisputed. On February 5, 1995, at approximately 2:15 p.m., Mr. Fiore slipped and fell on snow and ice in the parking lot of the Trust’s property located at 425 Washington Street, Woburn, Massachusetts. Mr. Fiore, in his deposition, described the parking lot as filled with “chunks of snow and ice." He testified that the chunks “looked like what the snowplow pushed up, pieces of debris everywhere” and that “the pieces of chunks that were breaking off the edge of the plow just settled down where they were and they were everywhere.” He further described the chunks of ice as “dirty, grey, frozen, partially snow, [and] partially ice.” Ms. Fiore described the chunks of ice as “dirty,” “irregularly shaped,” “pitted and brown,” and “probably six inches [and a] couple of inches wide around.”
Action, pursuant to its contract with the Trust, had plowed the parking lot on February 4, 1995, after approximately six inches of snow had fallen, and finished plowing at approximately 8:00 a.m. on February 5, 1995. In accordance with the contract provisions, Action received written approval of its snow plowing and removal activities from an employee of Bradlees Stores, Inc. (“Bradlees”), a tenant of the Trust, on February 7, 1995.
DISCUSSION
This court applies the well-established rules of summary judgment. See Kourouvacilis v. General Motors Corp., 410 Mass. 706, 712-15 (1991); Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989); Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983).
I. Negligence Claim
Plaintiffs claim that Action negligently performed its duty to properly plow the subject premises. Action responds that there is no claim for “negligently breaching a contract.” However, “[a] claim in tort may arise from a contractual relationship." Parent v. Stone & Webster Engineering Corp., 408 Mass. 108, 114 (1980). “A defendant under a contractual obligation ‘is liable to third persons not parties to the contract who are foreseeably exposed to danger and injured as a result of its negligent failure to carry out that obligation.’ ” Id., quoting Banaghan v. Dewey, 340 Mass. 73, 80 (1959). “[NJegligence in manner of performing [a contractual] duty as distinguished from mere failure to perform it, causing damages, is a tort.” Abrams v. Factory Mut. Liab. Ins. Co., 298 Mass. 141, 144 (1937).
Contrary to the defendant in Anderson v. Fox Hill Village Homeowners Corp., 424 Mass. 365, 368 (1997), which did not perform its contractual duties to remove snow and ice, Action did plow the subject premises. Action owed plaintiffs a duty of reasonable care in the performance of its contractual obligation to plow and remove snow and ice. See id. Plaintiffs have presented sufficient evidence to raise a question of fact as to whether Action performed its plowing obligations in a reasonable manner. Mr. Fiore testified that the ice chunks “looked like what the snowplow pushed up, pieces of debris everywhere” and that they looked like they had broken “off the edge of the plow [and] just settled down where they were and they were everywhere.” Moreover, Kendra Scagliotti (now known as Kendra Zimiroski), a manager of Bradlees at the time of the subject accident, stated in an incident report she filed on February 5, 1995 that she inspected the parking lot immediately after the incident and that “snow from [the] plow built up to [the] left of [the] cleaned walkway.” It is foreseeable that Action’s neg *718 ligent performance of its contractual duties to remove snow and ice from the parking lot, and impliedly the chunks falling from its plow, may have posed risks to business invitees traversing the lot.
Although Action argues that plaintiffs are unsure of the cause of the chunks and that the chunks could have been created by automobiles, the plaintiffs have presented sufficient evidence to establish a genuine issue of material fact as to whether Action’s plowing activities caused the ice chunks. Plaintiffs, in their deposition, described the ice chunks in the parking lot as “dirty, grey, frozen, partially snow, partially ice,” “irregularly shaped,” “pitted and brown.” Mr. Fiore also testified, as quoted above, that the ice chunks looked as if they had fallen off Action’s plow. The above evidence, together with the February 5, 1995 incident report, is sufficient to raise a question of fact as to whether the ice upon which Mr. Fiore slipped and fell was a result of Action’s plowing activities, i.e., chunks of ice and debris breaking off Action’s plow and being left on the lot.
Additionally, contrary to Action’s contention, plaintiffs presented sufficient evidence to establish a question of fact as to whether he slipped and fell on one of the chunks of ice the plaintiff described in their depositions. Mr. Fiore testified that there were ice chunks all over the parking lot, “like a mine field.” Although Mr. Fiore stated that he did not see the piece that he slipped on as it was “right up against the curbstone,” he testified that he knew he had stepped on a piece of ice and snow because of the way his foot slipped on it. Mr. Fiore also testified that he could feel the piece of ice and snow and that there was a “chunk of ice [his] foot [was] set on [and] off [he] went."
Accordingly, Action’s motion for summary judgment on Count IV must be denied.
II. Contract Claim
Plaintiffs allege that Mr. Fiore is an intended third-party beneficiary of the contract between Action and the Trust. “In order to prevail under this theory, the plaintiff must show that the [parties to the contract] intended to give [plaintiff] the benefit of the promised performance.” Anderson v. Fox Hill Village Homeowners Corp., 424 Mass. 365, 366 (1997). See Spinner v. Nutt, 417 Mass. 549, 555 (1994); Rae v. Air-Speed, Inc., 386 Mass. 187, 195 (1982). See also Restatement (Second) of Contracts §302 (1981) (plaintiff needs to show “circumstances indicating that the promisee intends to give the beneficiary the benefit of the promised performance”).
Looking to the language and circumstances of the contract, see Anderson, 424 Mass. at 366-67, “there is no indication, express or implied, that any [contractual] obligations were imposed for the benefit of [Mr. Fiore or other invitees on the subject premises].” Id. at 367. Here, Mr. Fiore is nothing more than an incidental beneficiary and is, thus, not entitled to recover under the contract. Id.
III. Loss of Consortium Claim
As Mr. Fiore’s negligence count is still viable, there is a genuine issue of material fact with regard to Ms. Fiore’s loss of consortium claim; and, therefore, the court will not grant summary judgment on Count VII. See Mouradian v. General Elec. Co., 23 Mass.App.Ct. 538, 544 (1987), rev. denied 399 Mass. 1105 (”[a]ny recovery for loss of consortium by [wife] would require proof of a tortious act that caused injury to her husband”), citing Agis v. Howard Johnson Co., 371 Mass. 140, 146 (1976).
ORDER
It is hereby ORDERED that Action’s Motion for Summary Judgment is ALLOWED as to Count V and is DENIED as to Counts IV and VII.