Kottmyer, J.

Introduction

On November 3, 1998, the plaintiff, Jorge Ruiz (“Ruiz”), filed a complaint alleging that he was injured as a result of failure of the defendant, Carl Cincotta, Jr., d/b/a Carl Cincotta Landscaping Co. (“Cincotta”), to remove snow and ice from a sidewalk. On November 29, 2000, pursuant to Mass.R.Civ.P. 56, Cincotta filed a motion for summary judgment. After hearing and for the following reasons, the defendant’s motion for summary judgment is ALLOWED.

Summary Judgment Record

The facts of the case, viewed in the light most favorable to the nonmoving party, establish the following. On January 31, 1997, Ruiz, slipped and fell on a patch of "black-ice” on a sidewalk adjacent to the Parker Hannifin Corp. (“PHC”). PHC was his employer and the owner of the property. As a result of this fall, Ruiz’s arm was injured. Cincotta had orally contracted with PHC to remove snow and ice from the sidewalk after any storm in which two or more inches of snow fell. Absent an accumulation of two or more inches of snow, Cincotta was to plow and sand only in response to specific requests by PHC for snow removal or sanding. On occasion, however, Cincotta plowed when less than two inches of snow had fallen without receiving such a request. A storm on January 31, 1997, the day that the plaintiff fell, left “ice, and a little bit of snow” (less than two inches) on and around the PHC building. PHC made no request for Cincotta to plow or sand on that date.

Summary Judgment Standard

This court grants summary judgment when there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Corr, 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating these elements. Pederson v. Time, 404 Mass. 14, 17 (1989). A party moving for summary judgment who would not bear the burden of proof at trial may demonstrate an absence of triable issues by either submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party would have no reasonable expectation of proving an essential element of its case at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). To overcome a summary judgment motion, the nonmoving party must articulate specific facts establishing the existence of a genuine issue of material fact. Pederson v. Time, 404 Mass. at 17. Bare assertions or conclusions regarding an individual’s understandings and assumptions are insufficient to withstand a well-pleaded motion for summary judgment. Polaroid Corp. v. Rollins Envtl. Servs., 416 Mass. 684, 696 (1993).

Discussion

Ruiz’ claim fails for several independent reasons. First, under Massachusetts law, “(b]efore liability for negligence can be imposed, there must first be a legal duty owed by the defendant to the plaintiff, and a breach of that duty proximately resulting in injury.” O’Sullivan v. Shaw, 431 Mass. 201, 203 (2000) (quoting Davis v. Westwood Group, 420 Mass. 739, 742-43 (1995)). “Whether such a duty exists is a question of law.” Davis v. Westwood Group, 420 Mass. at 743.
Ruiz argues that, by dint of his reliance on the defendant’s removal of snow and ice from PHC’s property, the defendant owed him the duty of care due a third-party beneficiary of the defendant’s oral contract with PHC. In order to prevail under this theory, the plaintiff must show that he is an intended beneficiary of the agreement. Anderson v. Fox Hill Village Homeowners Corp., 424 Mass. 365, 366 (1997). The intention must be “clear and definite.” Id. at 366-67. There is no evidence in the summary judgment record of any intention by the defendant or PHC to benefit the plaintiff. The plaintiff was no more than an incidental beneficiary of the snow removal contract. Id. at 367.
Second, even if the contract had imposed a duty on the defendant, which it did not, the plaintiff has failed to raise a material question of fact as to a breach of the contract by the defendant. Under the contract, absent a specific request by PHC, the defendant was required to plow only when two or more inches of snow accumulated. Before the plaintiffs injury, less than two inches of snow fell. No request for snow removal or sanding was made by PHC. The plaintiff counters that the defendant admits to plowing at PHC “whenever it snowed” and that a duty of care arose out of his detrimental reliance on the defendant’s past performance.
While detrimental reliance may constitute consideration where reliance on acts or statements of the offeror inviting such reliance is reasonable, it cannot create a duty in the absence of an offer. See Loranger Construction Corp. v. E.F. Hauserman Co., 376 Mass. *374 757, 760-61 (1978). See also Congregation Kadimah Toras-Moshe v. DeLeo, 405 Mass. 365, 366-67 (1989) (“A hope or expectation ... is not equivalent to either legal detriment or reliance”); Restatement (Second) of Contracts 90(1) (1981). Here, the defendant had no duty to plow and sand in the absence of a specific request when the accumulation of snow and ice was less than two inches. The fact that he may have done so on occasion did not constitute an offer to the plaintiff. There is no basis for a finding that the defendant owed a duty to the plaintiff.
Third, Massachusetts “does not regard the natural accumulation of snow and ice as an actionable defect . . .” Aylward v. McCloskey, 412 Mass. 77, 79 (1992). “Liability is possible only ‘in circumstances where some act or failure to act has changed the condition of naturally accumulated snow and ice, and the elements alone or in connection with the land become a hazard . . ” Sullivan v. Brookline, 416 Mass. 825, 827 (1994) (quoting Aylward v. McCloskey, 412 Mass. at 80 n. 3). Because this principle is based on a policy determination that a natural accumulation of snow and ice is not a defect and is not actionable as a matter of law, it applies to a service provider like the defendant, just as it applies to a landowner or occupier. Nikitas v. Boudreau's Serv. Station, 1995 Mass.App.Div. 171, 172-73 and n. 2 (1995).
The plaintiff does not contend that the accumulation of snow and ice on which he fell was unnatural. Rather, he states that “(t]he texture of the ice . . . was extremely slippery because it was mixed ice and snow that had not been removed at all.” Aff. of Jorge Ruiz Par. 4.

ORDER

For the foregoing reasons, pursuant to Mass.R.Civ.P. 56, it is hereby ORDERED that the defendant’s motion for summary judgment is ALLOWED.