Henry, Bruce R., J.
This subrogation matter arises out of a fire loss sustained by the plaintiff, A.C. Moore Arts & Crafts, Inc. (Moore) on or about November 10, 2002. Before the Court are various motions by the remaining defendants for summary judgment.
Factual Background
Facts as to which there is no genuine dispute are as follows. Other material facts are set forth below as they become pertinent to the discussion.
Fellsway Plaza, LP (Fellsway) is the owner of Fellsway Plaza, a shopping center in Medford, Massachusetts. Pursuant to a contract with Fellsway, the defendant Construction Coordinators, Inc. (CCI), did construction work at the new Fellsway Plaza store for Bed & Bath. That work was done in 1996 and into early 1997. Suburban Fire Protection, Inc. (Suburban) was a subcontractor during that job. Suburban has not answered this lawsuit. In 1998, Moore took over the lease for the premises in question and engaged McLean Construction Company (McLean) as the general contractor for its buildout of the premises. N.A.P.M.S., Inc. was the sprinkler subcontractor for McLean. Bert Masse Fire Protection Services, Inc. (Masse) was engaged by Fellsway, or Manley-Berenson (Manley-Ber-enson), to test periodically the fire sprinkler system at the premises. Masse contends that its responsibility was limited to main drain testing and did not extend to the system within Moore’s space. At some point before the fire in November 2002, a plug, or blank flange, was inserted into the sprinkler system, within the interior of Moore’s space, apparently to block a portion of the system while work was being done. The plug or flange was not removed and Moore contends that the failure to remove the plug caused it to suffer damages it would not have suffered if the plug was not in place. All of the defendants deny responsibility for the insertion of the plug and Masse denies responsibility for testing the fire sprinkler system within the premises.
Summary Judgment Standard
Summary judgment shall be granted where there are no genuine issues of material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Cor *190 rection, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of demonstrating affirmatively the absence of a triable issue, and that it is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving pariy may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). All evidence must be viewed in the light most favorable to the non-moving pariy. Williams v. Hartman, 413 Mass. 398, 401 (1992).
CCI’s Motion for Summary Judgment
CCI has moved for summary judgment arguing that its work was completed at the premises in early 1997 and that the Statute of Repose, G.L.c. 260, §2B, bars the plaintiffs claims and the cross claims being made against it by Fellsway, which is the only party opposing CCI’s motion. As the plaintiff does not oppose the motion insofar as it relate to its claims against CCI, summary judgment shall enter for CCI on the plaintiffs claims in the complaint.
Fellsway asserts that there is a genuine fact issue as to who is responsible for the insertion of the plug and that CCI is required to indemnify Fellsway, according to the terms of the contract between the two parties. Pursuant to the terms of a written contract, CCI provided its services to Fellsway for the preparation of the Bed & Bath store at the Fellsway Plaza. Paragraph 3.18.1 of the agreement provides:
The Contractor [CCI] shall, to the full extent permitted by law, defend, indemnify and save harmless the Owner [Fellsway] and the Architect and their respective directors, officers, partners, trustees, employees and agents, from any and all claims (including attorneys fees resulting therefrom) directly or indirectly arising or alleged to arise out of the performance of or the failure to perform the Work, or the conditions of the Work, the job site, adjoining land or driveways, or streets or alleys used in connection with the performance of the Work, and from any and all claims by workmen, suppliers or subcontractors who are involved in the performance of the Work.
The obligations set forth in this provision . . . shall not include any claims arising solely from the negligence of the pariy otherwise to be defended, indemnified or saved harmless.
The Contractor also expressly warrants and guarantees to the Owner and the Architect, that all Work performed by the Contractor and by all workmen, suppliers and Subcontractors of the Contractor shall conform to the requirements of the Contract Documents and shall be performed in a safe and careful manner.
The defense offered by CCI, that the Statute of Repose bars the claims against it, does not apply to the contractual indemnification counterclaim being pursued by Fellsway. The Statute of repose does not bar action on the basis of an indemnification agreement. Gomes v. Pan American Assoc., 406 Mass 647 (1990). CCI, therefore, is not entitled to summary judgment on the indemnification cross claim brought against it by Fellsway and its motion is DENIED.
Fellsway’s Motion for Summary Judgment
Fellsway has moved for summary judgment making several arguments. First, it contends that the claim, brought by A.C. Moore’s insurer, has been waived by A.C. Moore and that the waiver is valid in Massachusetts. Fellsway also argues that indemnification provisions within the agreement with A.C. Moore preclude this claim. Lastly, Fellsway argues that the contract claim fails since the plaintiff has no reasonable expectation of being able to show that it breached the agreement between the parties. A.C. Moore disputes each of those arguments contending that under applicable Massachusetts law a party cannot insulate itself from liability for failing to comply with statutes and codes enacted for public safety and that the lease expressly excludes the negligence of the landlord from the waiver of liability under the non-subrogation clause. For the reasons which follow, Fellsway’s motion is denied.

Subrogation Waiver Argument

Fellsway’s predecessor in interest leased the premises in question to Bed & Bath in 1984. A.C. Moore took an assignment of Bed & Bath’s interest as of 1998. Article XIV of the operative lease at Section 14.2 states, in pertinent part, that “. . . Landlord and Tenant mutually agree that, with respect to any hazard which is covered by insurance then being carried by them, respectively, the one carrying such insurance and suffering such loss releases the other of and from any and all claims with respect to such loss; and they further mutually agree that their respective insurance companies shall have no right of subrogation against the other on account thereof.. . Nothing contained in this Section shall derogate from or otherwise affect releases elsewhere herein contained of either party for claims.”
While such waivers are enforceable under Massachusetts law, see Haemonetics Corp. v. Brophy & Phillips Co., Inc., 23 Mass.App.Ct. 254, 258 (1986), such an agreement “cannot serve to shield the defendant from responsibility for violation of a statutory duty.” Henry v. Mansfield Beauty Academy, Inc., 353 Mass. 507, 510-11 (1968). Here, the plaintiff alleges that Fellsway and its property manager failed to comply with codes and statutes pertaining to the testing, inspection, and maintenance of the sprinkler systems at the leased premises. More specifically, the plaintiff *191 asserts that Fellsway negligently failed to comply with the requirements of National Fire Protection Association standard 25, which is incorporated into the Massachusetts State Building Code, in connection with the sprinkler system. Public policy precludes the enforcement of the waiver provision relied on by Fellsway. See Spence v. Reeder, 382 Mass. 398, 413 (1981); Desseau v. Holmes, 187 Mass. 486, 488 (1905); Federal Insurance Company v. CBT/Childs Bertman Tseckares, Inc., 2007 WL 1630687 (Mass.Super.) [22 Mass. L. Rptr. 472). Therefore, the waiver provision in Section 14.2 of the lease is not enforceable in the circumstances of this case.
Furthermore, the language of the lease does not release the landlord or its agents from liability for its own negligence. Section 14.1 of the lease requires the Tenant to insure its own property against loss or damage by fire and to assume all risk of damage to its own property, “except for damage caused by the negligent act or omission of Landlord or its agents, contractors or employees.” While Section 14.1 does shift to the Tenant and its insurer the risk of loss from fire, it does not apply where the loss is caused by the negligence of the Landlord or its agents. That provision would be rendered a nullity if this Court adopted the interpretation of Section 14.2 which Fellsway seeks to have enforced.

Indemnification Argument

Fellsway argues that the negligence claims of the plaintiff are precluded by an indemnification provision contained in the lease at Section 10.2. That section provides, in pertinent part, “. . . Tenant agrees to maintain in full force ... a policy of public liability and property damage insurance under which Landlord . .. and Tenant are named as insureds, and under which the insurer agrees to indemnify and hold Landlord ... harmless from and against all cost, expense and/or liability arising out of or based upon any and all claims, accidents, injuries and damages mentioned in Section 10.1 hereof. . .” Section 10.1 states in pertinent part that"... Tenant agrees to indemnify and save harmless Landlord from and against all claims of whatever nature . . . except for those arising from any negligent act or omission of Landlord or its agents, contractors or employees ...”
Even if the indemnity provision of Section 10.2 is applicable to the facts of this case, Section 10.1 specifically precludes indemnification for damages caused by the negligence of Fellsway or its agents. The plaintiff has alleged that Fellsway and/or its agents were negligent in the testing, inspection, and maintenance of the sprinkler system. If such negligence were found by the juiy, the indemnification provision relied on by Fellsway would not apply.

Breach of Contract Argument

Fellsway also argues that the plaintiff has no reasonable likelihood of establishing that it breached the contract between the parties and that summary judgment, therefore, is appropriate. That argument is quickly disposed of by reference to the materials submitted by the plaintiff in opposition to Fellsway’s motion for summary judgment. The affidavit of Thomas Klem creates a genuine issue of material fact as to whether Fellsway breached a duty owed to A.C. Moore and other tenants to test, inspect, and maintain the sprinkler system.
For all of these reasons, Fellsway’s motion for summary judgment is DENIED.
Manley-Berenson’s Motion for Summary Judgment
Manley-Berenson was hired by Fellsway as the property manager for the shopping center. It contends that, as an agent of Fellsway, it is an additional insured pursuant to the applicable lease and that it is entitled to the same protections afforded to Fellsway under the lease. It makes the same arguments which Fellsway made in support of summary judgment. For the same reasons which I have just discussed above as to Fellsway, Manley-Berenson is not entitled to summary judgment and its motion is DENIED.
Masse’s Motion for Summary Judgment
Masse was hired by Fellsway and/or Manley-Ber-enson to do sprinkler testing at the shopping center. Ten days before the fire in question Masse performed testing and inspection of the sprinkler system at the shopping center. Masse contends that it was retained only to verify that water actually flowed from the town to the shopping center buildings and that it was not retained to perform inspections of the individual sprinkler systems within the individual tenants’ spaces, like the A.C. Moore store. The plaintiff argues that it was clearly an intended beneficiary of the agreement between Fellsway or Manley-Berenson and Masse, that Masse performed its testing and inspection negligently, and that it should be able to proceed against Masse on either a negligence or breach of contract claim.
In order to prevail on a claim of breach of contract as a third-party beneficiary, “the plaintiff must show that the defendant and the lessor intended to give [him] the benefit of the promised performance.” Anderson v. Fox Hill Village Homeowners Corp., 424 Mass. 365, 366 (1997). To ascertain the intention of the parties, “[w]e look at the language and circumstances of the contract . . . The intent must be clear and definite.” (Citations omitted.) Id. at 366-67. Anderson involved a lease that imposed obligations on a party to the lease, and a third party claiming that injury resulted from the failure of the party properly to perform such obligations. The Supreme Judicial Court concluded without particular difficulty that the third party was no more than an incidental beneficiary and consequently could not recover under the lease. See id. at 367. I take the same view of A.C. Moore in this *192 case. At best, A.C. Moore is an incidental beneficiary of the agreement between Masse and Fellsway and cannot recover on a breach of contract claim. Summary judgment is warranted in Masse’s favor on the breach of contract claims in Count XTV of the plaintiff s complaint.
The plaintiff also brings a negligence claim against Masse asserting that the inspections done by Masse were done negligently and had they been done appropriately the flange in the sprinkler would have been discovered and the damage to the A.C. Moore store would not have been as extensive. Masse asserts that it owed no duty to A.C. Moore in its conduct of the inspection and testing of the sprinkler system and, therefore, the plaintiff cannot recover in tort.
While Masse may have no common-law duty to A.C. Moore, “one who assumes a duty under contract ‘is liable to third persons not parties to the contract who are foreseeably exposed to danger and injured as a result of its negligent failure to carry out that obligation.’ Parent v. Stone & Webster Eng. Corp., 408 Mass. 108, 114 (1990).” Anderson v. Fox Hill Village Homeowners Corp., 424 Mass. 365, 367-68 (1997). Masse asserts that it did everything it was required to do by the terms of the contract. It is somewhat unclear on the record before me just what Masse was obligated to do by its agreement with Fellsway. Fellsway has offered an opinion from an expert that Masse’s work was not properly done. There is a genuine issue with regard to the extent of the work called for by the agreement in question and whether that work was done negligently. Since it was foreseeable that the A.C. Moore store would be exposed to danger and injured in a fire if the inspection and testing were negligently done, the plaintiff may pursue its tort claim based on the alleged negligence of Masse in carrying out that inspection and testing. The motion seeking summary judgment on the claims against Masse in Count XIII is, therefore, denied.
ORDER
For the foregoing reasons, the Defendant Construction Coordinator, Inc.’s Motion for Summary Judgment is ALLOWED as to the claims of the plaintiff and DENIED as to the cross claim by Fellsway Plaza LP; the Defendant, Fellsway Plaza, LP’s, Motion for Summary Judgment Against A.C. Moore Arts & Crafts, Inc. is DENIED; the Defendant, Manley Berenson Associates, Inc.’s, Motion for Summary Judgment Against A.C. Moore Arts & Crafts, Inc. is DENIED; and the Motion of Defendant Bert Masse t/a Masse Fire Protection Services for Summary Judgment Pursuant to Mass.R.Civ.P. 56 is DENIED as to the claims in Count XIII and ALLOWED as to the claims in Count XTV of the plaintiffs complaint.