JULIA MANNING *vs.* GEORGE SMITH.

Norfolk.    December 13, 1937. — February 1, 1938.

Present: RUGG, C.J., FIELD, LUMMUS, QUA, & COX, JJ.

*Negligence,* One owning or controlling real estate, Slippery substance.

Evidence as to a slippery substance upon which a laundress slipped on stairs leading from outdoors to a basement laundry in a private residence did not warrant a finding of negligence of the owner of the residence respecting the length of time the substance had been there or his knowledge of its presence.

TORT.    Writ in the Superior Court dated April 20, 1934.

A verdict for the plaintiff in the sum of $1,500 was returned before *Walsh,* J.  The defendant alleged exceptions.

*S. P. Sears,* (*E. R. Langenbach* with him,) for the defendant.

*B. J. Killion,* (*J. F. Connolly* with him,) for the plaintiff.

FIELD, J.   This is an action of tort to recover compensation for personal injuries sustained by the plaintiff when she fell down a stairway at the residence of the defendant, where she was employed as a laundress.   There was a verdict for the plaintiff.   The case comes before us on the defendant's exception to the denial of his motion for a directed verdict.

The denial of this motion was error.

There was evidence — much of it uncontradicted testimony of the plaintiff — tending to show these facts: The plaintiff was employed by the defendant as a laundress three days each week.   The laundry was in the cellar.   A stairway, about six feet in height, consisting of about nine steps, led from the cellar to the backyard, where the plaintiff had to hang out clothes to dry.   On the day of the accident the plaintiff reported for work at about 9 A.M., entering the house by way of this stairway.   It was agreed that the stairway was covered by a "bulkhead door," and that "When the plaintiff came to work and during the morning in question the bulkhead door was completely open which left the stairway completely exposed to view from the backyard and one standing at the bottom of the stairs could look up and see the sky above."

The plaintiff, on the day of the accident, made three trips up the stairway, carrying each time a laundry basket full of wet clothes to hang out to dry.   On the third trip back, at about 11 A.M., while carrying a basket full of dry clothes, the plaintiff slipped on the third step from the top and fell to the bottom of the stairway.   The defendant's grandson saw the plaintiff lying there and called the chore man, who picked her up and took her into the laundry.   About an hour later, on examination, it appeared that, about a foot from the inner edge of the step, there was a substance "about the size of the palms of . . . [the plaintiff's] two hands held together."   And it appeared that this substance was the vomit of a cat which was "crusty on the sides and had a

mark in the middle." It "had been slipped on right through the middle and the rest of it was 'just like caked on the stairs, caked against the stairs.'" The plaintiff, on her own testimony, on her last trip up the stairs before the accident "saw nothing on the stairs," and while after the accident she "detected quite an odor from what she had stepped in," when "she had gone up the stairs before that morning she had not detected any odor."

At the time "the plaintiff first went to work for the defendant, there were two cats and at the time of the accident the defendant had nine cats." The defendant employed a chore man whose duty it was to sweep the stairway where the accident occurred. He worked on the premises about one hour in the morning and about one hour in the afternoon.

The evidence did not warrant a finding of negligence on the part of the defendant.

The defendant was not negligent with respect to the dangerous condition of the stairway caused by the presence thereon of the substance described in the evidence unless, before the accident occurred, he knew, or, in the exercise of reasonable care, ought to have discovered, that the substance was on the stairway. There is no evidence that the defendant, or any other person, knew, before the accident, that this substance was there. And the evidence as to its appearance when the accident occurred is too slight to furnish any ground for an inference as to the length of time the substance had been on the stairway. Nor did the evidence as to the appearance of this substance when it was examined an hour later warrant a finding that it had been on the stairway for so long a time before the accident that the defendant should have discovered it. The lapse of time after the accident furnishes at least a partial explanation of the appearance of the substance when it was examined. Moreover, it does not appear that the stairway was in the view of any of the defendant's employees other than the plaintiff and the chore man when they were at their work (see *Newell* v. *Wm. Filene's Sons Co.* 296 Mass. 489, 490, compare *Foley* v. *F. W. Woolworth Co.* 293 Mass. 232, 233), or even in the view of the chore man at his work except when he

was performing his duty of sweeping the stairway. And it could not have been found that he had failed to perform that duty or that the substance was on the stairway at the time when he did, or should have done, the sweeping. See *O'Leary* v. *Smith*, 255 Mass. 121, 122–123. Compare *Foley* v. *F. W. Woolworth Co.* 293 Mass. 232, 234. Nor did the evidence of the nature and use of the stairway warrant the conclusion that the defendant was lacking in reasonable care in not cleaning it more often. See *McBreen* v. *Collins*, 284 Mass. 253, 254. The mere fact that the defendant had many cats would not take the case out of the principles stated.

We need not discuss the question whether, on the plaintiff's uncontradicted testimony, the danger was so obvious that no warning thereof to her, as an employee using the stairway, was required. See *Kelley* v. *New York Central Railroad*, 255 Mass. 124, 127. See also *Shaw* v. *Ogden*, 214 Mass. 475, 477; *Crone* v. *Jordan Marsh Co.* 269 Mass. 289.

*Exceptions sustained.*
*Judgment for the defendant.*