Margaret E. Collins *vs.* S. Louise Collins.

Essex.    April 4, 1938. — September 13, 1938.

Present: Lummus, Qua, Dolan, & Cox, JJ.

*Snow and Ice. Negligence*, One owning or controlling real estate.

A finding, that ice in a path "shoveled in the snow" was due to negligence of the owner of premises across which the path led to his house, was not warranted by evidence merely that one, using the path at eight o'clock of an evening in February, noticed no ice there but, returning an hour later, slipped on it and was injured, and that the ice was about three feet in diameter with rough edges.

Tort. Writ in the Superior Court dated January 31, 1933.

A motion by the defendant that a verdict be ordered in her favor at the close of the plaintiff's evidence was denied by *Baker*, J. A verdict for the plaintiff in the sum of $875 was recorded with leave reserved, and a later motion that a verdict be entered for the defendant was denied. The defendant alleged exceptions.

*John J. Sullivan*, (*W. I. Badger* with him,) for the defendant.

*J. W. Sullivan & J. F. Doyle*, for the plaintiff, submitted a brief.

Qua, J. On February 15, 1931, the plaintiff, as she was leaving the defendant's house, was injured as a result of slipping on ice in a path on premises in the defendant's control. The path "had been shoveled in the snow."

The plaintiff and the defendant were sisters-in-law. The defendant had been ill, and the plaintiff at her request had gone to her house about eight o'clock in the evening

for the purpose of rendering some assistance. Upon starting for home about an hour later, at a place where the path crossed a driveway, the plaintiff fell upon an accumulation of slippery ice about three feet in diameter which "was smooth in general," but "the edges of which were rough."

We have stated all of the testimony bearing upon the alleged negligence of the defendant. There is an entire absence of any evidence as to the nature of the underlying surface of the path or driveway, or as to the state of the weather, or as to what caused the ice, where it came from, how thick it was, the appearance and position of its "rough" edges, or how long it had been there, except that the plaintiff herself testified that when she went to the house she "noticed no ice on the walk." It is common knowledge that in this climate on a February night a number of conditions might exist which within a very short time could cause the formation of ice that would satisfy this meager description without fault of the owner and without reasonable opportunity on his part to remove it or to warn against it or even to ascertain its presence. *Stanton* v. *Salem,* 145 Mass. 476, 479. *Labrie* v. *Donham,* 243 Mass. 584. *Hartford* v. *Boston Elevated Railway,* 280 Mass. 288, 290. *Manning* v. *Smith,* 299 Mass. 318. Compare *Rosen* v. *Boston,* 187 Mass. 245; *Bagnell* v. *Boston Elevated Railway,* 247 Mass. 235; *Klein* v. *Boston Elevated Railway,* 293 Mass. 238.

As in any event the evidence was insufficient to support a finding of the defendant's negligence, we do not consider whether the defendant owed a duty of care to the plaintiff.

*Exceptions sustained.*

*Judgment for the defendant.*