Welsh, J.
This is a civil action in tort for personal injuries based on a theory of negligence. The plaintiff sustained injury as a result of a fall on a handicap ramp during a snowstorm on the premises owned by the defendants and occupied by them as a residence.
After trial, the court found for the plaintiff and awarded damages in the sum of $9,500, plus interest and costs.
The defendants claim to be aggrieved by the denial of their motion for involuntary dismissal under Rule 41(b) (2), Mass. R. Civ. R, and by the court’s actions on certain requests for rulings of law. Since the issue raised is identical, separate discussion of the court’s rulings of law is not necessary.
The issue on appeal is whether sufficient evidence was presented to permit a finding for the plaintiff on the issue of liability. Stated another way: was the plaintiffs injury caused by a defect or negligent act for which the defendants are responsible?
We determine there was error and order that judgment enter dismissing the complaint on the merits.
Viewing the evidence together with inferences reasonably drawn therefrom favorable to the plaintiff, the following scenario emerges:
On January 2, 1996, plaintiff came upon the premises of the defendants to deliver a newspaper. At approximately 2 p.m. she walked up a handicap ramp on the premises, which had been erected by the defendants, and completed delivery of the paper. She turned to leave and fell as she was descending the ramp. There was no evidence of any defect in the ramp in terms of its design or construction. The ramp was snow covered at the time and plaintiff did not observe any ice.
It had snowed the entire day of the accident, and it was snowing when she completed her delivery. At least 8 inches of snow had fallen at the time of plaintiff’s fall. A total of 16 inches of snow fell that day. There were about 2 inches of snow on the ramp. Although the ramp did not have any handrails, there was no evidence that the absence of handrails contributed in any way to the accident.
Prior to the plaintiff’s fall, one of the defendants had shovelled the ramp on three occasions that day. Neither sand nor salt was applied to the ramp. The plaintiff attributes her fall to a “clump of ice” under the snow on the ramp. There was no further description of the ice, either as to size or appearance. There was no evidence how long the ice had been there. Nor was there any circumstances which might permit an inference that the defendants knew or should have known of its existence.
*212 1. The defendants contend on appeal, (and the plaintiff rightly concedes), that a natural accumulation of ice and snow does not constitute an actionable defect in premises in this Commonwealth. Nor does failure to remove a natural accumulation of snow and ice furnish a predicate for liability in tort by an owner or possessor of land. Anderson v. Fox Hill Village Homeowner’s Corp., 424 Mass. 365, 369 (1997). While the case of Mounsey v. Ellard, 363 Mass. 693 (1973) swept away the distinction between invitees and licensees in premises liability slip and fall cases, imposing upon landowners and possessors of real estate a general duty of reasonable care to all lawful visitors, it did not change the exposure of landowners by eviscerating the traditional common law doctrine of non-liability for injuries in naturally accumulating snow and ice cases. Athas v. United States, 904 F.2d 79, 81 (1st Cir. 1990).
This doctrine has not been without its critics. The rule of non-liability for naturally occurring conditions is outmoded and difficult to justify, at least in urban and residential settings. PROSSER & KEETON, THE LAW OF TORTS, 5th ed., 1984, Page 390-391, n. 62; see Sprecher v. Adamson Companies, 30 Cal. 3rd 358, 178 Cal. Rep. 783, 636 P2d 1191, for a modern analysis concluding that the distinction between artificial and naturally occurring conditions ought not to have continuing legal significance. The decision whether the public policy of this Commonwealth would be better served by abandoning the per se “natural-artificial” distinction in favor of a balance approach based upon weighing various factors present in the individual case is one for either the legislature or the Supreme Judicial Court. Since the doctrine has been recently affirmed, it is not appropriate for this appellate division to substitute its judgment for that of the Supreme Judicial Court or the legislature on this issue. See Sullivan v. Brookline, 416 Mass. 825 (1994); Anderson, supra, at 369.
2. There are two Appeals Court cases in which the landowner was held liable in the absence of a showing of a defect in the premises apart from ice or snow. In each case there was evidence that the conditions resulting from ice or snow had been altered due to human intervention. Intriligator v. Boston, 18 Mass. App. Ct. 703 (1984) (fall on ice in an area usually subject to heavy pedestrian traffic six days after the last snowfall); Phipps v. Aptucxet Post #5988 V.F.W. Building Ass’n., Inc., 7 Mass. App. Ct., 928 (1979) (rutted condition of snow and ice in parking lot which defendant knew would be used by patrons permitted inference that plaintiff knew or should have been aware of the hazardous conditions resulting in a legal duty to remedy the hazardous condition).
The instant case is distinguishable from Phipps, supra. In that case, the court held that ample time had passed so as to charge the defendant with knowledge of the dangerous conditions (9 hours), and that defendant had adequate opportunity to correct the conditions. Phipps, supra, at 929. In the instant case, there was no description of the condition of the ice or snow covering it to permit an inference of a sufficient lapse of time to impute knowledge and an opportunity to take remedial action.
In Barry v. Beverly Enterprises-Massachusetts, Inc., 418 Mass. 590, 592 (1994), the court found no liability where there was ice under a puddle, there being insufficient evidence to impute the defendant knowledge of the ice under the puddle. In the instant case there was no evidence the defendant knew or should have known of the ice under the snow which was still accumulating rapidly. Similarly, in Glynn v. Blomerth, 312 Mass. 299 (1942), the court, in upholding the trial judge entering a verdict for the defendant under leave reserved, opined as follows:
The evidence would not have warranted the jury in finding that the ice on the steps was an unnatural accumulation of snow and ice. The evidence was to the effect there was ice on the steps, clear ice. There was no *213 evidence that it had accumulated because of dripping from or haring been otherwise diverted in unnatural amounts by any defect in the premises. Id. at301 (emphasis supplied). •
3. Not every human act or failure to act transforms natural accumulation of ice and snow into an unnatural one so as to permit a finding of liability. For example, shovelling snow into a pile is not deemed to constitute an artificial condition so that melt run-off from the pile that refreezes would entail a finding of liability. Cooper v. Braver, Healey & Co., Inc., 320 Mass. 138, 139-140 (1946). In Collins v. Collins, 301 Mass. 151 (1938), the plaintiff was injured when she fell on a patch of ice on a path leading to the door of the defendant’s residence as she was leaving. The path had been shovelled in the snow. As in the present case, the plaintiff had not observed any ice prior to her fall. It was held that there was no liability. Id. at 152.
The mere act of shovelling a path on which the plaintiff falls due to snow or ice is not usually sufficient to render the accumulated snow and ice present an “unnatural” accumulation. Sullivan v. Brookline, 416 Mass. 825, 828 (1994). Nor does failure to sand a ramp for two days after an ice storm, after shovelling had exposed bare ice. Id.; Newman v. Kurpaska, 1994 Mass. App. Div. 91.
In summary, the fact that the defendant shovelled the walk on which the plaintiff fell and was injured was insufficient to take this case out of the general rule of nonliability in natural accumulation of snow or ice cases. This was an ongoing snow event in which at least 8 inches of snow had fallen with perhaps another 8 inches accumulating after the plaintiffs accident. The depth of the snow on the walkway was about 2 inches.
Any change in this area of law must come from the Supreme Judicial Court or the legislature.
The judgment for the plaintiff is vacated. New judgment is to enter dismissing the complaint on the merits.
So ordered.