Connor, J
The plaintiff Marianna Narcisse, was injured on the morning of February 2,1999 when she slipped and fell on an accumulation of snow and ice in the parking lot of a Stop & Shop supermarket in Lynn, Ma. as she approached the entrance to the store. At the close of the plaintiffs case, the defendant moved, pursuant to Dist/Mun. R Civ. E, Rule 41(b) (2), for involuntary dismissal. The motion was denied. After the conclusion of the evidence, the attorney for the defendant addressed the motion for involuntary dismissal in oral argument The trial judge ordered judgment to enter for the plaintiff. The defendant has appealed pursuant to Dist/Mun. Cts. RAD.A, Rule 8C. We reverse.
After completing a night nursing shift at Salem Hospital, the plaintiff took an M.B.T.A. bus to the defendants market arriving at approximately 7:15 a.m. Although tiie weather had cleared, it had snowed through the night covering the ground with approximately one foot of snow. As the plaintiff began trekking ¿cross the defendants parking lot to the store entrance, a truck was plowing an area to the side of the lot but the area between the plaintiff and the door had not been cleared. As she stepped forward into the snow, she slipped on underlying ice, fell and was injured.
The trial judge found that since the store is open twenty four hours a day, seven days a week, the “defendant was negligent in failing to remove said substance.”
The owner or occupier of land owes a “duty of reasonable care in the circumstances to a lawful visitor to its property.” Mounsey v. Ellard, 363 Mass. 693 (1973). The duty is not breached by the failure to remove a natural accumulation of snow and ice. Aylward v. McCloskey, 412 Mass. 77, 80 (1992); Wetmore v. Whitehead, 1998 Mass. App. Div. 211. Liability may attach only when an owner or occupier of land, negligently through some act or failure to act, “permits an unnatural and dangerous condition to occur either by itself or in connection with some other defect in the property.” Sullivan v. Brookline, 416 Mass. 825, 829-830 (1994); Aylward, Id. at 80, n. 3. Failing to remove new fallen snow from the portion of the defendant’s lot over which the plaintiff was walking does not permit an inference of negligence. See, Collins v. Collins, 301 Mass. 151 (1938).
At the close of the plaintiff’s case, the defendant moved for dismissal pursuant to Mass. R Civ. E, Rule 41(b)(2). The motion was denied and the defendant elected to present evidence. In order to preserve his appellate rights with respect to the motion, the defendant was required to renew it at the conclusion of the evidence. O’Sullivan v. Shaw’s Supermarkets, Inc., 1997 Mass. App. Div. 1. While the defendant did not specifically state he was renewing the motion immediately after the conclusion of the evidence, he addressed the Court in what amounted to his closing argument He began with the words “Involuntary dismissal” and pro *60 ceeded to argue that since the plaintiff fell on a natural accumulation of snow, judgment should enter for the defendant Only a hyper-technical application of the procedural rules would prohibit the defendant’s argument from being considered a renewal of his motion for involuntary dismissal. Fairness and practicality compel us to consider the motion renewed and by the findings of the trial judge denied.
The evidence was uncontroverted that the plaintiff slipped and fell on a recent undisturbed natural accumulation of snow and ice. The trial judge’s finding to the contrary was clearly erroneous. See Guardianship of Clyde, 44 Mass. App. Ct. 767, 774 (1998).
Accordingly, we reverse and order judgment for the appellant-defendant, Stop & Shop Supermarkets.
So ordered.