MacLeod, J.
This is a civil action arising from John Caruso Landscaping, Inc.’s (“Caruso’s”) alleged negligent shoveling of the premises of Knowledge Beginnings of New England, Inc. (“Knowledge Beginnings”), pursuant to a contract dated December 14, 2000 between Caruso and Knowledge Beginnings. Action is brought by Jeanine Rolli (“Rolli”), an employee of Knowledge Beginnings, after having allegedly sustained injuries after a slip and fall on the premises. This matter is before the court on Caruso’s motion for summary judgment. For reasons below, the motion is ALLOWED.
BACKGROUND
The undisputed facts viewed in the light most favorable to the non-moving party are as follows.
On December 14, 2000, Caruso and Knowledge Beginnings (a day care center) entered into a contract for snow removal services for the walkways and parking lot of Knowledge Beginnings. The contract sped- *572 fled that Caruso would automatically remove snow from the walkways and parking lot when snow accumulated to two inches, or when specifically requested by Knowledge Beginnings. At the request of Knowledge Beginnings, the contract contained an express prohibition against the application of sand, salt, or calcium to the walkways and parking lot. Knowledge Beginnings expressly assumed liability for “any [and] all injuries that occur as a result of winter conditions.”
On December 30 and 31, 2000, there was a combined snow fall greater than two inches. Pursuant to contract, Caruso removed snow from the walkways and parking lot of Knowledge Beginnings. Caruso did not perform any further snow removal work at Knowledge Beginnings after December 31, 2000 through January 4, 2001. It was not requested by Knowledge Beginnings that Caruso perform snow removal work after December 31, 2000 through January 4, 2001.
On the morning of January 4, 2001, while working at Knowledge Beginnings, Rolli exited the building to let an outside vendor into a telephone room that could only be accessed from the outside of the building. As Ms. Rolli entered the outdoor area where the access door to the room was located, she stepped into a puddle with a bottom layer of ice, lost her balance, fell, and sustained injuries as a result. The walkway upon which Rolli fell was one which Caruso had contracted to shovel.
DISCUSSION
Summary judgment shall be granted where there is no genuine issue as to any material fact and where the moving party is entitled to judgment as amatter of law. Mass.R.Civ.P. 56(c); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976).
The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass, 14, 16-17 (1989). A moving parly who does not have the burden of proof at trial may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating by reference to undisputed summary judgment material that the opposing parfy has no reasonable expectation of proving an essential element of their case at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711-12, 714, 716 (1991).
Once the moving party has met their burden of demonstrating the absence of a triable issue, the opposing parfy may not rest upon the allegations of their pleadings and mere assertions of disputed facts. Mass.R.Civ.P. 56(e); LaLonde v. Eissner, 405 Mass. 207, 209 (1989); Community Nat’l Bank, 369 Mass, at 554. Rather, the opposing party must set forth, by affidavit or as otherwise provided in Mass.R.Civ.P. 56(c), specific facts establishing a genuine issue of material fact. Mass.R.Civ.P. 56(e); Pederson, 404 Mass, at 17 (1989); Community Nat’l Bank, 369 Mass, at 554.
Ordinarily, summary judgment is not appropriate in negligence actions because the question of breach of the duty of care is a question of fact to be resolved by the jury. Roderick v. Brandy Hill Co., 36 Mass.App.Ct. 948, 949 (1994) (citing Mullins v. Pine Manor College, 389 Mass. 47, 56 (1983)). Nevertheless, in exceptional circumstances, a judge may find as a matter of law that no rational view of the evidence permits a finding of negligence. Id.
It is well established that third parties who are foreseeably injured by a contractor’s negligent performance of a contractual duty have a claim in tort against the contractor. Parent v. Stone & Webster Eng’r Corp., 408 Mass. 108, 113-14 (1990).[3] Here, the contract required that Caruso clear the walkways and parking lot of all natural accumulations equaling or exceeding two inches, without the aid of sand, salt, or calcium. All employees of Knowledge Beginnings were foreseeably exposed to the risk of injury arising from negligent performance of this contractual duty. Caruso therefore owed Rolli the duty to exercise reasonable care in clearing snow from the walkways and parking lot.
The summary judgment record, however, is devoid of evidence that on December 30 and 31,2000, Caruso negligently shoveled the walkway upon which Rolli sustained injury.[4] To the contrary, and defeating Rolli’s allegation of Caruso’s negligence, Rolli has admitted by her own deposition testimony that the water in which she slipped and fell was observed by her to be coming from the gutters and roof of the day care center.[5] Caruso owed no common-law, statutory, or contractual duty to prevent the roof and gutters from causing an accumulation of water on the walkway, nor did Caruso owe any duty to prevent such an accumulation of water from freezing. Indeed, at the request of Knowledge Beginnings, and by the express terms of the contract, Caruso was prohibited from applying sand, salt, or calcium — substances that could have prevented such an accumulation from becoming a hazard, and could have thereby prevented Rolli’s injury.
Accordingly, because there has been a complete failure of proof as to an essential element of Rolli’s claim — negligent performance of contractual duty — no rational view of the admissible evidence contained in the summary judgment record could lead a trier of fact to conclude that Caruso negligently shoveled snow from the walkway upon which Rolli sustained injury. Summary judgment for Caruso is therefore appropriate.[6]
ORDER
For the foregoing reasons, it is hereby ORDERED that the Defendant Caruso’s motion for summary judgment be ALLOWED.

It bears noting, however, that failure to performs contractual duty — as distinguished from negligent performance of a contractual duty — is not in and of itself a tort, unless there is a pre-existing common-law or statutory duty to act apart from the voluntarily assumed contractual duty. Anderson v. Fox Hill Vill Homeowners Corp., 424 Mass. 365, 368 (1997).

Rolli only offers, in her interrogatory response, the following statements: “I know that I spoke with the lady in the office and John Caruso on many occasions with regard to the poor shoveling around the building” and “Robin Levin, the Director at Knowledge Beginnings also contacted Caruso’s as there were complaints called in about the quality of plowing and shoveling on different occasions.” Each statement goes only to generalized conduct on unspecified dates, and is not probative of whether the walk upon which Rolli was injured was negligently shoveled on December 30 and 31, 2000. Such statements would thus be inadmissible at trial as irrelevant and unfairly prejudicial, and therefore cannot be considered for purposes of summary judgment. Mass.R.Civ.P. 56(e) (requiring that evidence in support or opposition to a motion for summary judgment “set forth such facts as would be admissible in evidence”).

Mr. St. Peter, agent for defendant East Coast Construction Contractors, Inc., stated in deposition testimony, “Jeanine [Rolli] asked me to fix the gutter. I told her the gutter was not the problem, that ice was all over the building and whoever shoveled the walks just didn’t shovel the walk in that comer.” This statement, read in context with the additional deposition testimony of Mr. St. Peter submitted by plaintiffs, is inadmissible for two reasons: (1) it is not probative of whether the specific walk upon which Rolli was injured was negligently shoveled on the specific dates in question because it is not clear from the portions of transcript available to the court (pages 1-4,41 -44) whether the deponent made personal observation of the locus of the accident, and if he did, when he made such observation, and (2) if the statement is offered for the truth of the assertion that the locus of the accident wasn’t shoveled, or was shoveled improperly, it is hearsay.

Both Rolli and Caruso in their papers make repeated reference to the “natural accumulation mle.” The natural accumulation rule is a specific application of the general mle announced in Mounsey u. Ellard that owners and occupiers of land owe a common-law duty of “reasonable care in all the circumstances" to all lawful visitors. 363 Mass. 693, 707-08 (1973). Aylward v. McCloskey later held that this duly of reasonable care is not violated by an owner or occupier’s failure to remove a natural accumulation of snow or ice. 412 Mass. 77, 80 (1992), Nothing in the case law, however, indicates that the rule of contractor liability to foreseeably injured third parties ought to be similarly modified by the natural accumulation mle. Indeed, snow removal contractors are hired by owners and occupiers for the express purpose of removing natural accumulations, even though the owner or occupier does not have any duty to do so. Accordingly, we continue to apply the rule, as discussed in text, that negligent performance of a contractual duly to remove a natural accumulation of snow gives rise to an action in tort by a third parly foreseeably injured by the contractor’s negligence.