Smith, Herman J., J.
INTRODUCTION
This case arises out of injury sustained by plaintiff Palma Philips (“Philips”) when she slipped and fell on a patch of ice in a parking lot on or about January 20, 2005.[1] Defendant Earle W. Kazis (“Kazis”) owned the parking lot in question, and contracted with defendant A. Cardillo & Sons, Inc. (“Cardillo”) to remove snow and ice from the parking lot. This matter is now before the court on defendants’ motions for summary judgment. For the foregoing reasons, Kazis’s Motion For Summary Judgment is ALLOWED and Cardillo’s Motion For Summary Judgment is ALLOWED.
BACKGROUND
At approximately 2:15 PM in the afternoon on January 20, 2005, Philips, an early octogenarian, drove her car to the Shaw’s Supermarket on River Street in Waltham, Massachusetts to shop for food. Philips parked her car in the first row of cars directly in front of the supermarket. She exited her car and started walking toward the store. As she was walking, her feet slipped out from underneath her, causing her to fall in the travel lane directly in front of the supermarket entrance. In the area where she fell, there was a layer of sand covering the area where she was walking, and a layer of ice beneath the sand. The ice was flat, not lumpy, and without any frozen ruts from traffic.
After the fall, Philips drove herself to a doctor, who examined Philips and sent her for x-rays. Philips developed hematoma on her calf muscle and was admitted to the hospital for treatment for one week. After being released from the hospital, Philips went into rehabilitation from February 1, 2005, until February 13, 2005. After being released from rehabilitation, Philips received in-home care for the hematoma from February 14, 2005 to June 7, 2005. As a result of her January 20, 2005 fall, Philips has incurred medical expenses in excess of $20,000.00. Philips alleges that Kazis and Cardillo’s negligence in removing and treating the parking lot for snow and ice resulted in her injury.
The Shaw’s Supermarket is located in the River City Shopping Center in Waltham, Massachusetts. Defendant Kazis is the agent, authorized representative and leaseholder of the shopping center. Shaw’s Supermarket is a tenant of Kazis. Pursuant to the lease agreement between Kazis and Shaw’s Supermarket, Kazis was responsible for the removal of snow from the parking lot at the River City Shopping Center. As leaseholder, Kazis contracted with Defendant Cardillo for snow and ice removal at the River City Shopping Center for the 2004-2005 winter season.
About three inches of snow fell in the Boston area overnight between January 19 and January 20, 2005. Cardillo began plowing the River City Shopping Center parking lot at approximately 3:30 AM and stopped at around 9:00 AM. Cardillo returned to the River City *272 Shopping Center around 2:30 PM to re-sand and clean up.
DISCUSSION
1.Standard of Review
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’r of Com. 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The summary judgment record consists of the pleadings, depositions, answers to interrogatories, affidavits, and responses to requests for admission. Mass.R.Civ.P. 56(c). The moving parly may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Tech. Comm. Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991). The mere assertion of a genuine factual dispute by the nonmoving party, “absent factual material upon which the assertion might be proved, is not sufficient to defeat summary judgment.” Massachusetts Mun. Elec. Co. v. City of Springfield, 49 Mass.App.Ct. 108, 113 (2000) (citations omitted). Furthermore, “(c)onclusory statements, general denials, and factual allegations not based on personal knowledge [are] insufficient to avoid summary judgment.” Madson v. Erwin, 395 Mass. 715, 721 (1985), citing Olympic Junior, Inc. v. David Crystal, Inc., 463 F.2d 1141, 1146 (3rd Cir. 1972).
2.Defendant Kazis Associates, Inc.’s Motion for Summary Judgment
The threshold inquiry in any tort case involving a slip and fall on snow and ice is whether the plaintiff slipped on a “natural accumulation” of snow and ice or whether the conditions were such that they constituted an “unnatural accumulation.” A natural accumulation of ice does not constitute an actionable property defect. Aylward v. McCloskey, 412 Mass. 77, 79 (1992).
Massachusetts courts have narrowed the scope of what constitutes a natural accumulation of snow or ice, and repeatedly have concluded that when a landowner plows away a portion of the snow and ice in a public area, any layers remaining underneath the plowed portion is still a natural accumulation. See, e.g., Sullivan v. Brookline, 416 Mass. 825, 827-28 (1994). The established rule is that if an individual is “injured by slipping and falling on snow and ice that remains after shoveling or plowing, that alone is not grounds for a finding of negligence.” Id. An individual must allege that her slip and fall was due to a defect or indentation in the surface below the snow and ice, or because of rutted snow or ice from vehicular or pedestrian traffic in order for liability to exist. See Delano v. Garrettson-Ellis Lumber Co., 361 Mass 500, 503 (1972); Phipps v. Aptucxet Post #5988 V.F.W Bldg. Assoc., Inc., 7 Mass.App.Ct. 928, 929 (1979).
It is undisputed that the parking lot had been plowed at the time of Philips’s fall. It is also undisputed that no ruts or holes were in area of the parking lot where she fell, only ice. Incomplete snow removal that removes snow but leaves a layer of ice is not grounds for a finding of negligence when someone slips and falls. See, e.g., Goulart v. Canton Housing Auth., 57 Mass.App.Ct. 440, 443 (2003). In Philips’s complaint, she alleges that the sand placed on top of the ice contributed to the “unnatural” state of the ice in the parking lot by hiding the ice. Under law, the sanding or salting of ice does not create an unnatural accumulation of snow giving rise to liability. Id. at 443.
Plaintiff Philips contends that Kazis is not entitled to invoke the natural accumulation rule because Kazis took on the responsibility of snow removal. In her opposition brief, Philips maintains, “It is well established that a landlord, who agrees in a lease to remove snow and ice and negligently fails to perform that duty, may be liable. See Falden v. Gordon, 333 Mass. 135, 137 (1955); Carey v. Malley, 327 Mass. 189, 193 (1951).” This principle is not applicable under these circumstances. The cases Philips cites deal specifically with plaintiffs who are tenants, that is, parties of the lease in which snow removal is promised. The Supreme Judicial Court has explicitly declined to extend that reasoning to third-party beneficiaries. Anderson v. Fox Hill Village Homeowners Corp., 424 Mass. 365 (1997) (because employee of skilled nursing facility located on rented property used as retirement community is not “intended third party beneficiary” of lease agreement, which required defendant to promptly remove all snow and ice, this employee was precluded from recovering). Thus, Kazis is entitled to the protection of the natural accumulation rule.
Because there is no issue of material fact regarding the condition of the parking lot at the time of Philips’s injury, summary judgment is appropriate with regard to Philips’s claim against Defendant Kazis.
3.Defendant A. Cardillo & Sons, Inc.’s Motion for Summary Judgment
As discussed above, ice that remains on the ground after plowing, unless somehow altered by something other than salt or sand, constitutes a natural accumulation for which there can be no liability. Philips contends that Cardillo is not entitled to the natural accumulation rule because he is not the landowner. Despite the fact that the long-standing natural accumulation rule was formulated in the context of claims against property owners, there is no reason snow removal contractors should be held to a different *273 standard. To impose liability on a snow removal contractor for failure to remove natural accumulations of snow and ice would be contrary to the rationale of the longstanding rule, and would negate its purpose and intended effect.
Cardillo could be liable if Philips presented some evidence that an act or omission on Cardillo’s part changed the condition of the naturally accumulated snow and ice. See, e.g., Thornton v. First Nat’l Stores, Inc., 340 Mass. 222 (1960). Philips contends that Cardillo put down sand in order to conceal the dangerous ice. To the contrary, sanding an icy area to create traction is a standard practice and thus cannot be the basis for a finding of negligence.
Snow removal contractors owe a duty of reasonable care in clearing snow and ice, and have an obligation to “perform the duties in a diligent and workmanlike manner.” See generally Connors v. Northeast Hosp. Corp., 439 Mass. 469, 480 (2003); Parent v. Stone & Webster Eng’r Corp., 408 Mass. 108, 113-14 (1990). There is no evidence that Cardillo breached any duty of care owed to Philips. There is no evidence to support Philips’s speculative assertion that Cardillo failed to put a mixture of sand and salt on the ice in the parking lot. Philips’s only support for her claim that there was no salt or other “de-icer” is her observation that she only saw sand, no water, and inferred that because “when you put de-icer it makes water,” Cardillo must therefore have only put down sand. The evidentiary record, consisting of invoices for work Cardillo performed and supplies it ordered, indicates that on the day of snow removal in question, Cardillo did adhere to its standard practice of sanding and salting the parking lot, to melt the ice and to provide traction.
Philips also contends that the fact that Cardillo returned to the parking lots at 2:30 PM on January 20, 2005 indicates that the defendant had negligently performed its snow and ice removal duty earlier that morning. This speculative inference, without more specific allegations of defect, is not enough to sustain an allegation of negligence. See Delano v. Garrettson-Ellis Lumber Co., 361 Mass. 500, 501 (1992); Phipps v. Aptucxet Post #5988 V.F.W Bldg. Ass’n, Inc., 7 Mass.App.Ct. 928, 929 (1979); Lopes v. SSB Realty, Inc., & others, 2005 WL 2400894 (Mass.App.Ct.); Stamas v. BJ’s Wholesale Club, Inc. et al., 2005 WL 2540042 (Mass.Super.Ct.); Rolli v. Burlington Residence, LLC et al., 2004 WL 3090743 (Mass.Super.Ct.) [18 Mass. L. Rptr. 571).
Because there is no issue of material fact regarding the condition of the parking lot at the time of Philips’s injury, summary judgment is appropriate with regard to Philips’s claim against Defendant Cardillo.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant Earle W. Kazis Associates, Inc.’s Motion For Summary Judgment be and is ALLOWED and that defendant A. Cardillo & Sons, Inc.’s Motion For Summary Judgment be and is ALLOWED.

 Plaintiff Philips and defendant Cardillo identify the date of the incident as January 20, 2005. Defendant Kazis dates the incident to January 19, 2005. For the purposes of this motion it shall he assumed that the incident took place on January 20, 2005, although this assumption has no bearing whatsoever on the analysis or outcome.