Lu, John T., J.
INTRODUCTION
The plaintiff David Ippolito (Mr. Ippolito) injured his arm falling on an ice-covered walkway owned by Bradford Village Condominium Trust and Property Management of Andover, Inc. (Bradford Village).[3] Mr. Ippolito alleges that the injury was caused by the negligent failure of Bradford Village and Paul F. Lav-allee d/b/a Lavallee Landscaping (Mr. Lavallee) to clear the walkway of accumulated snow and ice. Mr. Ippolito’s wife, Darlene Ippolito (Mrs. Ippolito), brings a claim for loss of consortium. Because the natural accumulation of snow and ice will not support liability, and since the consortium claim depends on Mr. Ippolito’s cause of action, the Court allows Bradford Village and Mr. Lavallee’s motion for summary judgment.
BACKGROUND
During January of 2005, Mr. and Mrs. Ippolito leased an apartment in a condominium complex owned by Bradford Village. Bradford Village contracted with Lavallee Landscaping, owned by Mr. Lav-allee, to clear snow and ice from the Bradford Village properties. The contract provided that after a snow storm Mr. Lavallee was to shovel, snowblow, and apply ice melt to the apartment walkways one time. Bradford Village agreed to provide the ice melt.
On January 11, of 2005, Mr. Lavallee shoveled the walkways of the Bradford Village properties to clear them of accumulated snow from a recent snowstorm. Mr. Ippolito recalls the walkways being smooth, without sand, and that about a half inch of snow remained on the ground. No one remembers whether sand or ice melt was spread on the walkway. After the walkways were shoveled, Mr. Ippolito noticed the path was slippery, although he continued to reach his apartment through the walkway.
On the night of January 12, 2005, to January 13, 2005, the temperature reached freezing levels and a new snowstorm deposited fresh snow on the walkway. That morning Mr. Ippolito left the house between 5 and 6 a.m. to attend to errands and discard the household trash. The snowfall from the night before appeared undisturbed; it was clear of footprints or car tracks, and Mr. Ippolito did not immediately notice any ice on the walkway. Mr. Ippolito descended the stairs, stepped onto the walkway, lost his footing and fell. Mr. Ippolito seriously injured his arm. Since the accident, Mr. Ippolito has had two corrective surgeries and continues to experience pain and disability.
Mrs. Ippolito was in an upstairs bedroom and did not witness the accident. Mrs. Ippolito testified that at the time of the accident the stairs and walkway appeared wet, glassy, and that she couldn’t necessarily tell there was ice. Neither Mr. or Mrs. Ippolito were aware of when the ice formed or how long it had been there. Mrs. Ippolito has had previous injuries to her back and hip and relies heavily on Mr. Ippolito.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues of any material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Community Nat’lBank v. Dawes, 369 Mass. 550, 553 (1976). The burden falls to the moving party to affirmatively demonstrate the absence of a triable issue and that the summary judgment record entitles the moving party to judgment *225 as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). The moving party may satisfy this burden by either submitting affirmative evidence that negates an essential element of the opposing parly’s case or by showing the opposing party has no reasonable expectation of proving an essential element of their case if it were brought to trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Carey v. New England Organ Bank, 446 Mass. 270, 278 (2006), quoting Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991).
A property owner owes a duty of reasonable care to all persons who are lawfully on their premises. O’Sullivan v. Shaw, 726 Mass. 951, 954 (2000). This duty requires a property owner to maintain their property in a safe manner to avoid the risk of injury. Mounsey v. Ellard, 363 Mass. 693, 708 (1973). Although a property owner is not obligated to remove natural accumulations of snow and ice, they owe a reasonable duty to lawful visitors to take measures to protect against the dangers of snow and ice.[4] Intriligator v. Boston, 18 Mass.App.Ct. 703, 705 (1984), Anderson v. Fox Hill Village Homeowners, 424 Mass. 365, 367 (1997).
The test is whether the conditions at the time of the fall constituted a natural or unnatural accumulation of snow and ice. A natural accumulation of snow and ice is not an actionable property defect. Alyward v. McCloskey, 412 Mass. 77, 79 (1992). An individual must prove that the accident was due to a defect or indentation existing below the snow and ice or from a defect arising from rutted snow due to pedestrian or automobile traffic. Philips v. Carl W. Kazis Associates, Inc., Civil No. 2006-3466 (Middlesex Super.Ct. June 6, 2008) (Smith, J.) [24 Mass. L. Rptr. 271); Delano v. Garrettson-Ellis Lumber Co., 361 Mass. 500, 503 (1972).
It is undisputed that on January 11, 2005, Mr. Lavallee shoveled the front walkway of Mr. Ippolito’s apartment to clear it of accumulated snow. Mr. Ippolito argues that the thin layer of remaining ice, which was later covered by fresh snow, created an unnatural accumulation of snow and ice. Bradford Village and Mr. Lavallee argue that the fresh snowfall, with no sign of disruption, prove that Mr. Ippolito’s accident was a result of a natural accumulation of snow and ice.
Circumstances arise in which snow and ice form so quickly that a properly owner does not have reasonable opportunity to discover its presence, let alone warn against or remove it. Collins v. Collins, 301 Mass. 151, 152 (1938). Mr. Ippolito’s argument that Bradford Village and Mr. Lavallee knew or should have known snow and ice accumulated on the walkway and failed to remove it in a timely manner fails on this ground. The unmarked snow shows that Mr. Ippolito was likely the first to discover the condition of the walkway and it is unreasonable to expect that Bradford Village or Mr. Lavallee would have had the opportunity to learn the condition of the walkway, let alone remedy it before 5 a.m.
However, liability may also be imposed where a property owner acts, or fails to act, in such a way that changes the condition of naturally accumulated snow. Collins, 301 Mass. 151, 152. Mr. Ippolito testified that after the walkway was shoveled, residual ice remained which was later covered by a new snowfall. He argues the residual ice was an unnatural accumulation, causing a defect beneath the snow. The court in Sullivan v. Brookline explained that when a property owner clears away a portion of snow and ice, any layers remaining underneath are considered part of the natural accumulation and cannot alone be grounds for a finding of negligence. Sullivan v. Brookline, 416 Mass. 825, 827-28 (1994). Even assuming it was the residual ice on the walkway which caused Mr. Ippolito’s accident, both the ice and the snow are natural accumulations and not a basis for the imposition of liability. Mrs. Ippolito claims that Bradford Village and Mr. Lavallee’s negligent failure to clear the walkway caused Mr. Ippolito to suffer injuries which caused her loss of consortium. An individual bringing a consortium claim may only do so if their spouse has a viable claim for tortuous injuiy. Diaz v. Eli Lilly & Co., 364 Mass. 154, 167 (1973). Since Mr. Ippolito does not have a viable claim, Mrs. Ippolito cannot succeed.[5]
ORDER
The defendant, Bradford Village Condominium Trust and Property Management of Andover, Inc.’s, motion for summary judgment (paper #27) is ALLOWED and the defendant, Paul F. Lavallee d/b/a Lavallee Landscaping’s, motion for summary judgment (paper #17) is ALLOWED.

The court understands the accident to have occurred in Bradford, a neighborhood of Haverhill.

A contractor hired to remove snow and ice is held to the same standard as property owners. Anderson v. Fox Hill Village Homeowners, 424 Mass. 365, 367-69 (1997).

Though they do not so indicate in their complaint or their oppositions to the defendants’ motions for summary judgment, the Ippolitos apparently claim that the stairs outside the apartment violate the building code, which is some evidence of negligence. The Ippolitos do not submit any affirmative evidence showing a violation of the building code, however, nor do they submit evidence that any violation caused Mr. Ippolito’s fall. “The mere assertion that such [violation and causation] might be found, absent factual material on which the assertion might be proved, is not sufficient to defeat summary judgment.” Massachusetts Mun. Wholesale Elec. Co. vs. Springfield, 49 Mass.App.Ct. 108, 113 (2000). The Ippolitos’ “mere assertion” that the stairs violate the building code and the violation is some evidence of negligence is insufficient grounds to deny the defendants summary judgment.