Per Curiam.

It appearing that the plaintiff was not assessed in the tax next preceding the meeting, at which he was refused permission to vote, the moderator was justifiable in such refusal. He is to govern himself, in this respect, solely by the list of assessments ; and it would be a breach of duty m him, to admit one to the privilege of voting, who is not taxed to the amount prescribed by the statute. If a person be improperly omitted in the tax, the assessors are liable; but if, in an action against them, it should appear that the omission was fairly intended for the * benefit [ * 461 ] of. the party, and that he assented to it, in that case the assessors would not be liable.
There is a marked distinction between the right claimed by the plaintiff in this case, and the right of voting for" state officers according to the constitution. In the latter case, the right to vote depends upon the having property to a certain amount. If an inhabitant has the requisite amount, he has a constitutional right which he cannot be deprived of. But, in town and parish affairs, the franchise depends wholly upon taxation; and the moderator of a meeting can govern himself by nothing but the assessment list.

Plaintiff nonsuit.