JOSEFA KARLOWSKI, administratrix, *vs.* GEORGE A. KISSOCK.

Suffolk. January 14, 19, 1931. — April 1, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Practice, Civil,* Entry of verdict after leave reserved. *Constitutional Law,* Trial by jury. *Negligence,* Invited person, Licensee, Of one owning or controlling real estate. *Wilful, Wanton or Reckless Misconduct.*

G. L. c. 231, § 120, is not unconstitutional in that it is in violation of the right to trial by jury secured by art. 15 of the Declaration of Rights.

At the trial of an action of tort by an administrator for the death of his intestate, alleged to have been caused by negligence or by wilful,

wanton or reckless misconduct on the part of the defendant, there was evidence that the intestate, a child, went upon vacant land, containing about four and one half acres and owned by the defendant, upon which a carnival was in progress; that he did not pay any admission fee, but had a small sum of money given him by his mother to spend for ice cream; and that he walked to another part of the land where there was a wharf in disrepair, over which those attending the carnival were passing, and fell through a plank, which broke, whereby he fell into the water and was drowned. There was no testimony that the defendant leased the land for the use of the carnival. The defendant testified that he orally allowed the land to be used for the carnival for some charitable purpose without any payment. *Held*, that

(1) There was no evidence of wilful, wanton or reckless misconduct on the part of the defendant;

(2) The managers of the carnival were mere licensees on the land, which they took in the condition in which it was: even if the defendant's testimony were disbelieved, there was nothing to show that the defendant invited or had reason to expect any one to go upon any part of his land or upon the wharf;

(3) With respect to the defendant, the intestate as an invitee of the managers of the carnival could stand on no better footing than the managers;

(4) The defendant was under no duty toward the intestate except to abstain from wilful, wanton or reckless misconduct, and therefore could not be said to have been negligent;

(5) The plaintiff could not recover.

TORT. Writ dated July 16, 1925.

Material evidence at the trial in the Superior Court before *Donahue*, J., is stated in the opinion. Subject to leave reserved under G. L. c. 231, § 120, a verdict for the plaintiff in the sum of $1,500 was recorded. Thereafter the judge ordered the entry of a verdict for the defendant and reported the action for determination by this court.

*E. M. Shanley*, (*S. W. Wisnioski* with him,) for the plaintiff.

*R. B. Coulter*, for the defendant.

RUGG, C.J. This is an action of tort to recover damages for the death of the plaintiff's intestate alleged to have been caused by the negligence or by the wilful, wanton or reckless act of the defendant or his agents or servants. G. L. c. 229, § 5, as amended by St. 1922, c. 439. See now St. 1925, c. 346, § 9.

The case was submitted to the jury on the death count in

the declaration, which alone is now material. A verdict was returned for the plaintiff, but before it was recorded the presiding judge with the assent of the jury reserved leave to enter a verdict for the defendant. Thereafter, under leave reserved, the judge entered a verdict for the defendant and reported the case for the determination of the full court. G. L. c. 231, § 120. This procedure is in accordance with the statute. The constitutionality of the statute is challenged as being in violation of the right of trial by jury secured to all by art. 15 of the Declaration of Rights of the Constitution. The practice prescribed by the statute is akin to that which appears to have been not uncommon in the early part of the last century, where a verdict was taken subject to the opinion of the court, which was empowered to order a different disposition of the case. *Miller* v. *Adams,* 16 Mass. 455. *Sparrow* v. *Wood,* 16 Mass. 457, 460. *Abbott* v. *Upton,* 19 Pick. 434. See 5 Dane Abr. 676, 677. See in this connection *Smith* v. *Lincoln,* 198 Mass. 388, 391, 392. See *Fitzgerald* v. *Allen,* 128 Mass. 232, for modification of verdict by agreement of parties upon decision of the full court. It is possible, also, that said § 120 may have been founded in part on the English practice adverted to in *Bothwell* v. *Boston Elevated Railway,* 215 Mass. 467, at page 476. See also, as to earlier and later English practice, *Dublin, Wicklow & Wexford Railway* v. *Slattery,* 3 App. Cas. 1155, 1204, 1205. *Paquin, Ltd.* v. *Beauclerk,* [1906] A. C. 148. *Heilbut, Symons & Co.* v. *Buckleton,* [1913] A. C. 30. *Banbury* v. *Bank of Montreal,* [1918] A. C. 626. *Skeate* v. *Slaters, Ltd.* [1914] 2 K. B. 429. It is, however, unnecessary to enter upon an examination of the practice as to jury trials under the common law and at the time of the adoption of the Constitution. The constitutionality of said § 120 is established by *Bothwell* v. *Boston Elevated Railway,* 215 Mass. 467, where the general subject was discussed at large. The statute here assailed, if it be assumed not to be warranted by common law practice, is indistinguishable in principle from the one there upheld.

There was evidence tending to show that the deceased, a boy five years old in the charge of his sister seven years old,

was permitted by his mother on a Sunday afternoon in September, 1924, to go to a carnival on vacant land in Chelsea owned by the defendant; that the deceased left his sister, walked to another part of the land where there was a wharf in disrepair, over which those attending the carnival were passing, fell through a plank, which broke, whereby he fell into the water and was drowned. The children do not appear to have paid any admission fee to the carnival, but each was given five cents by the mother to spend for ice cream. There was no testimony that the defendant leased the land for the use of the carnival. The defendant, in answer to interrogatories, stated that he had owned the land, which was unoccupied, for less than a year, and that no repairs were made on the wharf during that time. He testified that, on telephonic request from the mayor, he orally allowed a portion of the land, which was an irregular lot containing about four and one half acres, to be used for a carnival for some charitable purpose without any payment. If this testimony be disbelieved, there is nothing to show that the defendant invited or had reason to expect anyone to go upon any part of his land or upon the wharf. It appeared that there were about three hundred people at the carnival at the time. Upon the point whether it was open to the public on Sunday, the evidence was conflicting.

Manifestly there was no evidence of wanton, reckless or wilful misconduct on the part of the defendant. *Gallagher* v. *O'Riorden*, 208 Mass. 275. *McIntyre* v. *Converse*, 238 Mass. 592.

The only question is whether there was evidence of negligence on the part of the defendant. Negligence is the doing or the omission to do some act in violation of a legal duty. There can be no negligence where there is no duty. *Minor* v. *Sharon*, 112 Mass. 477, 487. *Bernabeo* v. *Kaulback*, 226 Mass. 128, 131.

The position of the defendant at most was that of a licensor. He was content that the part of his lot necessary for the carnival should be used for a charitable purpose. It does not appear that the wharf was mentioned as being a part of the property likely to be used or desired. As between

the defendant and the managers of the carnival, the latter took the land as it was. The invitees of such managers can stand on no better footing, in an action against the defendant, than their invitors. Whatever might be the liability of those who set up and managed the carnival toward those whom it invited, the defendant is not in that position. He simply responded to a request that unused land might be temporarily devoted to some charitable end. His permission was wholly gratuitous. He was not charged with knowledge that an old wharf, out of repair, would be used for people to walk on. His duty was to abstain from reckless, wilful or wanton misconduct. He is exonerated from liability to the plaintiff in these circumstances. *Hart v. Cole,* 156 Mass. 475. *West* v. *Poor,* 196 Mass. 183, 185. *Barry* v. *Stevens,* 206 Mass. 78. *Ansara* v. *Skaff,* 259 Mass. 197. *Baker* v. *Hurwitch,* 265 Mass. 360. Compare *Daniels v. New York & New England Railroad,* 154 Mass. 349; *United Zinc & Chemical Co.* v. *Britt,* 258 U. S. 268; *New York, New Haven & Hartford Railroad* v. *Fruchter,* 260 U. S. 141; *Glasgow Corp.* v. *Taylor,* [1922] 1 A. C. 44.

*Judgment for the defendant.*